**UNITED STATES of America, Appellee,**

v.

**George CONZEMIUS, Appellant.**

**No. 79–1283.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1979.

Decided Dec. 6, 1979.

Jack S. Nordby, Thomson & Nordby, St. Paul, Minn., for appellant.

Daniel W. Schermer, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Thorwald H. Anderson, Jr., U. S. Atty., Minneapolis, Minn., on brief.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

The appellant, George Conzemius, was convicted of seven counts of mail fraud under 18 U.S.C. § 1341, and one count of conspiracy to commit mail fraud under 18 U.S.C. § 371. This court affirmed that conviction in *United States v. Conzemius,* 586 F.2d 97 (8th Cir. 1978). Following the trial, certain newly discovered evidence allegedly came to the attention of Conzemius' attorney, which spawned both a motion for a new trial under Rule 33, Federal Rules of Criminal Procedure, and a motion to vacate the sentence under 28 U.S.C. § 2255. After consideration of this evidence, the trial court [1] denied both motions. We affirm the district court's denial of these motions.

Conzemius was convicted along with two other defendants, Gilbertson and McCracken,[2] for defrauding the Hastings Co-op Elevator Association. Gilbertson and McCracken were officers of both the Hastings Co-op and Upper Midwest Fertilizer, Chemicals and Commodities, Inc. (Upper Midwest), a corporation which they formed with Conzemius. It was established at Conzemius' trial that these three men conspired to take advantage of the Hastings Co-op by virtue of the fact that "Hastings' directors did not know of Gilbertson's and McCracken's positions in the two corporations." *United States v. Conzemius, supra,* 586 F.2d at 98. Upper Midwest profited from several business transactions between the two corporations.

Conzemius argues that the evidence upon which this appeal is based demonstrates that these transactions were not fraudulent

since it reveals that the directors of the Hastings Co-op had full knowledge of the transactions between their corporation and Upper Midwest. In fact, Conzemius claims that some of the witnesses perjured themselves by testifying that they had no knowledge of McCracken's and Gilbertson's relationship with both corporations. Therefore, he concludes that he is entitled to a new trial on the basis of the newly discovered evidence, or a vacation of the sentence due to the perjured testimony.

*I. New Trial*

■ At the outset, we note that the decision of a trial court to grant or deny a motion for a new trial is within that court's discretion, and will not be set aside on appeal unless there has been an abuse of discretion. *United States v. Easter,* 552 F.2d 230, 235 (8th Cir.), *cert. denied,* 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977). Furthermore, five conditions must be met in order for a new trial to be granted on the basis of newly discovered evidence:

(a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Frye,* 548 F.2d 765, 769 (8th Cir. 1977). *See also United States v. Wynde,* 579 F.2d 1088, 1097 (8th Cir.), *cert. denied,* 439 U.S. 871, 99 S.Ct. 204, 58 L.Ed.2d 184 (1978).

■ We have carefully reviewed the parties' briefs and the thorough examination of the evidence in Judge Alsop's memorandum order of May 14, 1979. We agree that the

---

1. The United States District Court for the District of Minnesota, the Honorable Donald D. Alsop, presiding.

2. The three defendants were tried separately. Leonard McCracken's conviction was affirmed

in *United States v. McCracken,* 581 F.2d 719 (8th Cir. 1978). Ronald Gilbertson's conviction was affirmed in *United States v. Gilbertson,* 588 F.2d 584 (8th Cir. 1978).

evidence does not merit the granting of a new trial for the reasons given by the trial court.[3]

## II. Vacation of Sentence

 The appellant also seeks to vacate the trial court's sentence under 28 U.S.C. § 2255, claiming the new evidence shows that perjured testimony and falsified documents were used at trial. However, Conzemius does not allege that the prosecutors had any knowledge of the perjury. He merely seeks to have this court vacate the district court's sentence and order an evidentiary hearing to be held to determine if, indeed, any such evidence of perjury exists. The law is quite clear that "in order to vacate the judgment and sentence on such grounds, two elements must be established: first, the use of perjured testimony, and second, *knowledge by the prosecuting officials at the time the testimony was used that it was perjured.*" *Holt v. United States,* 303 F.2d 791, 794 (8th Cir.), *cert. denied,* 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1972) (emphasis supplied) (citations omitted). *See also Hallman v. United States,* 490 F.2d 1088, 1090 (8th Cir. 1973). Since there is not even an allegation that the prosecutor knew of the alleged perjury, we find no foundation for the § 2255 claim.

Accordingly, the order of the district court denying appellant's motions is affirmed.

---

**3.** Additionally, the unsigned and unsworn affidavits upon which the appellant partially relies in requesting a new trial were not filed with the clerk of this court, and therefore are not properly before us for purposes of review.