# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4208

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| George R. Harrison, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 20, 1999

Filed: August 17, 1999

_____

Before RICHARD S. ARNOLD and WOLLMAN,[1] Circuit Judges, and
MAGNUSON,[2] District Judge.

_____

WOLLMAN, Chief Judge.

---

[1]Roger L. Wollman became Chief Judge of the United States Court of Appeals
for the Eighth Circuit on April 24, 1999.

[2]The Honorable Paul A. Magnuson, Chief Judge, United States District Court
for the District of Minnesota, sitting by designation.

Following a bench trial, the district court[3] found George R. Harrison guilty of violating the Child Support Recovery Act of 1992, 18 U.S.C. § 228. Harrison appeals, and we affirm.

Harrison and his wife were granted a decree of divorce by a Nebraska court on December 27, 1990. The decree ordered Harrison to pay $373.00 per month in support of the couple's three children, as well as an additional fifty-seven percent of child-care expenses actually incurred.

On January 13, 1994, Harrison, who was living in Colorado, injured his back in a work-related injury. He was unable to continue working and began receiving workers' compensation payments on June 17, 1994. In October 1995, Harrison exercised his option to receive his workers' compensation in a lump-sum payment. He was also adjudged disabled by the Social Security Administration for the period from January 15, 1994 to May 31, 1995. Harrison elected to receive the latter benefits in a lump-sum payment. On December 10, 1996, Harrison submitted a request to Colorado authorities that his child support obligation be modified in light of his injuries. This request was forwarded to the Nebraska Child Support Services but had not been ruled upon at the time of trial.

An information was filed against Harrison on June 30, 1997, alleging that he had failed to pay child support from October 1, 1996 to June 30, 1997. On January 5, 1998, a superseding information was filed, charging that Harrison had not made payments since June 13, 1995. Following his conviction, Harrison was sentenced to five years' probation and ordered to pay $42,887.13 in restitution.

---

[3]The Honorable William G. Cambridge, United States District Judge for the District of Nebraska, affirming the Judgment and Commitment of the Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

Section 228 imposes criminal penalties on persons who willfully fail to pay child support. To establish a violation of section 228, the Government must show a willful failure to pay a past-due child support obligation with respect to a child who lives in another state. See United States v. Russell, No. 99-1451, slip op. (8th Cir. July 19, 1999). The meaning of "willful" as used in section 228 is the same as that given the term by the courts in interpreting tax felony statutes. See United States v. Mathes, 151 F.3d 251, 253 (5th Cir.), cert. denied, 119 S. Ct. 628 (1998). Willfulness "requires proof of an intentional violation of a known legal duty, and thus describes a specific intent crime." Id. (quoting H. R. Rep. No. 102-771, at 6 (1992)); United States v. Williams, 121 F.3d 615, 621 (11th Cir. 1997), cert. denied, 118 S. Ct. 1398 (1998) (same).

Harrison contends that the district court erred in not considering evidence that he had applied for a modification of child support. We do not agree.

For Harrison to have willfully failed to pay his child support obligation, he must have had the ability to pay. See Mathes, 151 F.3d at 253 (internal quotations omitted); cf. Williams, 121 F.3d at 621-22 (finding that defendant acted willfully when his inability to pay was a result of his efforts to avoid child support obligations). "It makes no difference from what source [Harrison] . . . received income. What matters is that he . . . had income, in whatever form he wishes to characterize it." United States v. Black, 125 F.3d 454, 465-66 (7th Cir. 1997) (consolidating United States v. Black, cert. denied, 118 S. Ct. 1327, and United States v. Davis, cert. denied, 118 S. Ct. 1821 (1998)).

The district court noted that Harrison had received workers' compensation benefits during the relevant period, which were garnished to pay his child support obligation. Harrison later elected to receive $31,162.76 in lump-sum payments, which were not subject to garnishment. In addition, he received a social security payment of $6,718.50 on October 16, 1996. He used no portion of these funds to fulfill his support

obligation. Whatever the disposition of Harrison's yet-to-be-ruled-upon application for modification of his future child support obligations, the application is not relevant to the existence of his past ability to pay his child support obligations and his willful failure do so.[4]

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]In light of our holding, we deny as moot Harrison's motion to supplement the record.