# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2825

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | South Dakota, Central Division. |
| Willard Dean Kirkie, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 15, 2001
Filed:  August 16, 2001

_____

Before BYE and JOHN R. GIBSON, Circuit Judges, and FRANK,[1] District Judge.

FRANK, District Judge.

Willard Dean Kirkie appeals his convictions for incest and the aggravated sexual abuse of a child.  Kirkie challenges numerous decisions of the district court relating to the admittance of expert testimony, the exclusion of third-party witness testimony, the denial of motions for judgment of acquittal and for a new trial, and the provision of a jury instruction on an alibi defense.  For the reasons set forth below, we affirm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, sitting by designation.

**Background**

On April 27, 2000, Willard Dean Kirkie was convicted of three counts of aggravated sexual abuse of a child, under 18 U.S.C. §§ 2241(c) and 2246(2), and one count of incest, under S.D.C.L. 22-22-1(6) and 22-1-6.[2] On May 3, 2000, Kirkie filed a motion for judgment of acquittal, arguing insufficient evidence to support the verdict. In addition, he filed a motion for new trial, alleging prosecutorial misconduct, improper exclusion of relevant evidence, and failure to instruct on a lesser included offense. Both motions were denied, and Kirkie was sentenced to 360 months incarceration, a $400.00 special assessment, and five years of supervised release to be completed after his sentence. Kirkie now brings this appeal challenging the denial of both post-trial motions and alleging trial court error

---

[2]18 U.S.C. § 1153, entitled "Offenses committed within Indian country" provides in relevant part that:

> (a)     Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, . . . incest . . . within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

> (b)     Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

18 U.S.C. § 1153 (2000). Because incest is not a crime defined and punished under federal law and because both Kirkie and the victim are "Indians" and the crimes were committed in "Indian country," the relevant state law prohibiting incest was invoked.

with respect to certain evidentiary rulings and the failure to provide a jury instruction on an alibi defense.

The evidence presented at trial was intended to support the following statement of facts. During Summer 1998, the victim was eleven years old. She and her brother were staying with Kirkie, their father, and his girlfriend in Crow Creek District Housing on the Crow Creek Reservation in South Dakota.

The victim and an aunt to whom the victim reported the assaults testified that Kirkie assaulted the victim vaginally and anally on three occasions during the summer of 1998. Each incident was alleged to have occurred in the daytime, one while the victim was napping, another while she was playing in a bedroom, and the third upon Kirkie calling the victim into his bedroom. The victim testified that all three incidents occurred in a blue house, and she also described the house as that belonging to her father's girlfriend. The defense presented evidence that the home of Kirkie's girlfriend was light brown and that the victim's aunt and uncle lived in a blue house.

The prosecution presented expert testimony by Drs. John Jones and Richard Kaplan, physicians who examined the victim six and eighteen months, respectively, after the assaults were alleged to have occurred. Both physicians testified that their physical examination of the victim was normal, but that she reported to have been sexually abused on one or three occasions. Dr. Jones testified that it is not uncommon for child victims not to report specific details of the alleged assault(s) nor for a lack of physical evidence in delayed reported cases to be present. Dr. Kaplan reiterated Dr. Jones' testimony, adding that it is not uncommon for victims to delay in reporting assaults due to feelings of shame and guilt, particularly incidents involving anal abuse. Dr. Kaplan also testified that sexual penetration can occur without bleeding.

Through testimony of Kirkie, his girlfriend, and other friends and relatives, and the production of a sales receipt and a time log generated by Kirkie, the defense attempted to present an alibi defense. The evidence was intended to establish that Kirkie was either working or with his girlfriend and family members on a shopping trip or a fishing trip during the time period when the assaults were alleged to have occurred.

Kirkie now appeals his convictions on numerous grounds set forth below.

**Issues**

**Expert Witness Testimony**

Appellant's first challenge is to the trial court's decision allowing expert testimony by Dr. Richard Kaplan. Appellant contends that because Dr. Kaplan found no physical evidence of sexual abuse that his testimony was based only on the victim's oral representations and therefore should have been excluded as speculative and mere vouching for the victim's credibility. We disagree.

A trial court's decision to allow expert testimony is reviewed for the abuse of discretion. United States v. Molina, 172 F.3d 1048, 1056 (8th Cir. 1999) (citing General Elec. Co. v. Joiner, 522 U.S. 136 (1997)). Federal Rule of Evidence 702 permits a district court to allow the testimony of a witness whose knowledge, skill, training, experience, or education will assist a trier of fact in understanding the evidence or to determine a fact in issue. See Fed. R. Evid. 702. "In the context of child sexual abuse cases, a qualified expert can inform the jury of characteristics in sexually abused children and describe the characteristics the alleged victim exhibits." United States v. Whitted, 11 F.3d 782, 785 (8th Cir. 1993) (citing United States v. St. Pierre, 812 F.2d 417, 419-20 (8th Cir.1987)). While a physician may testify as to whether the medical evidence is consistent with the victim's allegations

4

of sexual abuse, a physician may not opine as to whether the alleged abuse actually occurred or whether the victim is telling the truth. Id. at 785-86 (citations omitted).

In the instant case, Dr. Kaplan testified that a finding of no physical evidence of sexual abuse does not necessarily preclude the possibility that the abuse actually occurred. While such a statement, if accepted by the jury, would serve to circumstantially support a determination that the victim's allegations were truthful, such a circumstantial inference is not tantamount to Defendant's assertion that Dr. Kaplan was vouching for the victim's truthfulness. Rather, Dr. Kaplan's testimony left open the possibility that the victim's testimony could be truthful or not, even in light of the apparent contradiction of the victim's testimony and the lack of physical evidence. Dr. Kaplan did not go so far as the physician in Whitted who diagnosed the victim as having suffered sexual abuse. Instead, he provided testimony regarding characteristics of sexually abused children in general and as they compared with the characteristics exhibited by the victim in this case. The trial court found Dr. Kaplan's testimony to be helpful to the jury, without usurping the jury's role of assessing the victim's credibility and whether the abuse actually occurred. In previous cases, this Court has held that the admission of such testimony is not an abuse of discretion. See, e.g., United States v. Johns, 15 F.3d 740, 743 (8th Cir. 1994); United States v. St. Pierre, 812 F.2d 417, 419 (8th Cir. 1987); United States v. Azure, 801 F.2d 336, 340 (8th Cir. 1986). Accordingly, we cannot find that the trial court abused its discretion in admitting Dr. Kaplan's testimony in this case.

**Evidentiary Rulings on Third-Party Testimony**

Kirkie also challenges the trial court's decisions to sustain objections to the defense's questioning of the victim and her cousin with respect to a certain conversation alleged to have taken place between the two witnesses. The defense contends that, during a telephone conversation, the victim's cousin told her about

5

the cousin's own experience of making false allegations of sexual abuse against her father, resulting in his incarceration. The defense further contends that, in this same conversation, the cousin explained certain aspects of sexual intercourse. Kirkie argues that he should have been permitted to elicit testimony from both the victim and her cousin regarding this conversation to show that the victim had knowledge that led to her assertion of false allegations of sexual abuse. In a pre-trial conference, the trial judge ruled that the victim could be questioned as to her source of knowledge of sexual intercourse and the nature and implications of allegations of sexual abuse. At that time, the government indicated that the victim's cousin had not provided it with any information regarding the alleged conversation and requested a hearing to determine to what the cousin would testify on this issue. The trial judge ruled that no hearing was necessary at that time and that he would wait "to see how it develops."

At trial, defense counsel asked the victim whether she talked about the abuse with her cousin and whether her cousin talked to her about the cousin's similar situation. The government's objection to the second question was sustained. When the victim's cousin took the stand, defense counsel attempted to question her about whether she had discussed her similar situation with the victim. Again, the government's objection was sustained. The trial judge determined that the testimony at issue was collateral impeachment and barred any further testimony on the issue. Defense counsel's request to reserve the right to recall the victim's cousin was denied, and the trial court reiterated that the targeted line of questioning was barred.

With respect to a trial court's evidentiary rulings, we review for abuse of discretion and will reverse only "when an improper evidentiary ruling affects the substantial rights of the defendant or when we believe that the error has had more than a slight influence on the verdict." United States v. Ballew, 40 F.3d 936, 941 (8th Cir. 1994) (citations omitted). In order to challenge a trial court's exclusion of

evidence, however, an attorney must preserve the issue for appeal by making an offer of proof. <u>Dupre v. Fru-Con Engineering Inc.</u>, 112 F.3d 329, 336 (8th Cir. 1997) (citing <u>Holst v. Countryside Enters., Inc.</u>, 14 F.3d 1319, 1323 (8th Cir.1994)). We will only consider an offer of proof that is contained in the record. <u>See</u>, <u>e.g.</u>, <u>Potts v. Benjamin</u>, 882 F.2d 1320, 1323 (8th Cir.1989) (concluding that party must put evidence on the record in order to challenge its exclusion on appeal).

Even if an issue is raised pre-trial, as in <u>Holst</u>, an attorney must make an offer of proof during the trial in order to preserve the issue for appeal. <u>Holst</u>, 14 F.3d at 1323. While the issue in <u>Holst</u> presented as a pre-trial motion to exclude evidence and a subsequent appeal arguing the court's error for failure to exclude such evidence, the same analysis applies to the current facts. While defense counsel may have raised the issue with the trial court during the pre-trial meeting, the record reflects that defense counsel did not make nor request to make the requisite offer of proof when the trial court ruled on the relevant objections during the course of the trial. The appellant may be correct and the trial court might very well agree that it was unable to make a final ruling on admissibility of the evidence before trial commenced. However, once the issues were raised again during the course of the trial, it was incumbent upon the defense to make an offer of proof when it was faced with evidentiary rulings it now claims to be improper. We cannot now evaluate the trial court's decision in light of how the appellant now characterizes the excluded evidence. Because there is no offer of proof nor a request to make such an offer on the record, the issue was not properly preserved for appeal, and we cannot find that the trial court abused its discretion.

We turn now to whether the trial court's rulings affected the substantial rights of the defendant or whether the error has had more than a slight influence on the verdict. Despite the trial court's rulings, Kirkie was still able to challenge the victim's credibility and argue the defense that she made false allegations out of jealousy and anger. The defense was not precluded from referring to or questioning

the victim regarding her feelings about her father or his relationship with his girlfriend and their newborn child.  Moreover, defense was free to and did direct the jury to consider certain discrepancies in the victim's reporting in light of her own previous statements and the testimony of other witnesses.  We find that, even if the excluded evidence was as Kirkie has characterized it, that his rights were not substantially compromised nor was the verdict more than slightly influenced.  Therefore, we find that the trial court did not abuse its discretion in excluding the testimony at issue.

### Motion for Judgment of Acquittal

Kirkie also challenges the trial court's denial of his motion for judgment of acquittal, arguing that there was insufficient evidence to support his convictions.  In reviewing the denial of a motion for judgment of acquittal based on insufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and reverse only if no rational fact finder could have found the defendant guilty beyond a reasonable doubt.  United States v. Chavez, 230 F.3d 1089, 1090 (8th Cir. 2000) (citing United States v. Lacey, 219 F.3d 779, 783 (8th Cir. 2000)).  In our review of the evidence, we accept as established all reasonable inferences supporting the verdict.  United States v. Madkins, 994 F.2d 540, 541 (8th Cir. 1993) (citing United States v. Plenty Arrows, 946 F.2d 62, 64 (8th Cir. 1991)).

Kirkie contends that there was insufficient evidence to convict him because the evidence was replete with inconsistencies and the victim's testimony was not believable.  The inconsistencies highlighted by the appellant, i.e., the alleged number of incidents of abuse and the house in which it took place, are directly linked to the victim's credibility as they are facts to which she testified herself and of which she reported to other witnesses called at trial.  Even Kirkie's purported alibi, which we will discuss further in the section below, raises the question of whether testimony should be believed.  Kirkie has not challenged the credibility of

other witnesses, but only that of the victim, and thus his challenges to the inconsistency of the evidence necessarily implicate the credibility of the victim, and likely his own, as well.

"Questions of credibility are the province of the jury." Chavez, 230 F.3d at 1091 (citing United States v. Fuller, 942 F.2d 454, 458 (8th Cir. 1991). In ruling on a motion for acquittal, a trial court must determine whether sufficient evidence was presented to support a verdict without considering the weight of such evidence or its credibility. Id. (citing Burks v. United States, 437 U.S. 1, 16, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978) and United States v. Bredell, 884 F.2d 1081, 1082 (8th Cir. 1989). A trial court has neither the duty nor the authority to grant a motion for acquittal based on the credibility of a witness. Chavez, 230 F.3d at 1091. Thus, we conclude that the trial court committed no error in denying the motion for acquittal to the extent that it was challenged on the credibility of testimony at trial.

To the extent that Kirkie also challenges the sufficiency of the evidence based on the contention that there was no physical evidence of abuse, we also find no error in denying his motion for acquittal. It is this very issue to which both expert witnesses testified, explaining that a lack of physical evidence does not necessarily indicate that sexual abuse did not actually occur. Whether or not such testimony played a role in the jury's deliberations, the fact remains that it was the jury's role to assess the credibility of the witnesses and to weigh the evidence with which it was presented. Even if the jury relied only on the testimony of the victim herself, there would be sufficient evidence to support the convictions. See United States v. Wright, 119 F.3d 630, 634 (8th Cir. 1997) (finding that testimony of child abuse victim could be credited by jury and constitute sufficient evidence for conviction). For these reasons, we find that the trial court did not err by denying the defendant's motion for judgment of acquittal.

9

**Motion for New Trial**

Finally, Kirkie appeals the trial court's denial of his motion for a new trial, based upon prosecutorial misconduct, exclusion of relevant evidence, and a failure to rule on proposed jury instructions. In reviewing the denial of a motion for a new trial in a criminal case, we evaluate a trial court's decision for an abuse of discretion. United States v. Conzemius, 611 F.2d 695, 696 (8th Cir. 1979) (citing United States v. Easter, 552 F.2d 230, 235 (8th Cir. 1977) cert. denied 434 U.S. 844, 98 S. Ct. 145, 54 L. Ed. 2d 109 (1977)). Because we find no abuse of discretion with respect to the trial court's exclusion of evidence, as discussed above, we cannot find error with the trial court's denial of the motion for new trial on this basis. We will now discuss the remaining grounds on which Kirkie bases his challenge.

**Prosecutorial Misconduct**

With respect to Kirkie's contentions of prosecutorial misconduct, we find that the trial court did not abuse its discretion in denying his motion for a new trial. As evidence of the alleged prosecutorial misconduct, Kirkie points to: (1) the prosecution's failure to provide an FBI 302 report containing statements by the victim's aunt, relating victim's report of three incidents of abuse; (2) the prosecution's questioning of Dr. Kaplan with respect to male sexual performance and the effects of alcohol and the questioning of Kirkie and his girlfriend regarding their use of alcohol; and (3) the prosecution's statement during closing argument that Kirkie's girlfriend was in her third trimester of pregnancy.

Kirkie contends that his repeated requests of the government for evidence or testimony of the second and third alleged incidents of abuse went unanswered. In addition, he contends that he was unfairly surprised at trial when he learned for the first time that one of the alleged incidents of abuse involved penis-anus contact.

10

The record is unclear, however, as to whether Kirkie actually received the 302 at issue before trial because while he denies it, the government contends that there were only two 302 reports, and Kirkie admitted to having received two reports. Moreover, the indictment is clear that Kirkie was being charged with three counts of sexual abuse defined under 18 U.S.C. § 2246(2) as sexual contact "between the penis and the vulva or the penis and the anus." Nonetheless, when Kirkie raised the issue at trial and was presented with a copy of the "missing" report, he did not request a continuance to remedy the alleged surprise, nor did he attempt or request to make an offer of proof. In order to preserve the issue of whether the surprise evidence should have resulted in a mistrial or new trial, then an attorney must make a motion for a continuance. State v. Ganrude, 499 N.W.2d 608, 612 (S.D. 1993) (citing State v. Smith, 477 N.W.2d 27, 31 (S.D. 1991)). Because no motion for continuance was made in this case, the issue was not properly preserved for appeal, and we cannot find that the trial court abused its discretion in denying the motion for a new trial on this basis.

The trial court's denial of the motion for new trial based on the prosecution's questioning of Dr. Kaplan, Kirkie, and Kirkie's girlfriend regarding alcohol use was also not an abuse of discretion. Kirkie's alcohol use was brought into question by the victim's testimony that her father was under the influence of alcohol at the time of the abuse. With respect to Kirkie's girlfriend, the questioning was used as a method of cross-examining her on the issue of whether she was always present during the time period when the abuse was alleged to have occurred. Through her testimony and previous statements, Kirkie's girlfriend maintained that she never drank in front of her children, that she was always present during the relevant time period, but that she did drink during August and September of 1998, ultimately raising the question of her whereabouts at the time of the alleged abuse. The questioning of Dr. Kaplan related to the victim's testimony describing the abuse and her lack of description of any aspect of ejaculation. Given the apparent relevance of

the prosecution's questioning, the trial court did not abuse its discretion in denying the motion for new trial on this basis.

With respect to the prosecution's comment on the pregnancy of Kirkie's girlfriend during closing argument, we also do not find an abuse of discretion. The trial court sustained Kirkie's objection during closing argument and further instructed the jury at the close of trial that arguments of counsel are not evidence. In light of the trial court's response to the comment, the lack of evidence that such comments were inserted throughout trial, and the context of the entire trial, we find that the prosecution's comments did not substantially affect the defendant's rights nor affect the jury's verdict.

## Jury Instruction

Kirkie's final challenge to the trial court's denial of his motion for a new trial is the court's failure to instruct on a lesser included offense. Kirkie's argument focuses on the contention that the trial court failed to rule one way or another on the instruction, thereby committing "plain error." Kirkie does not explain the basis upon which such an instruction should have been issued.

In order to preserve the issue of whether a particular jury instruction should or should not have been issued, an attorney must make a timely objection, explaining the grounds upon which the instruction should or should not issue. See, e.g., United States v. Oakie, 12 F.3d 1436, 1442 (8th Cir. 1993); United States v. Lincoln, 630 F.2d 1313, 1320 (8th Cir. 1980); United States v. Young, 875 F.2d 1357, 1359-60 (8th Cir. 1989). A trial court may exclude an instruction on a lesser included offense when the evidence does not provide a rational basis for a jury to find the necessary elements of the lesser included offense. Young, 875 F.2d at 1359 (citing United States v. Neiss, 684 F.2d 570, 571 (8th Cir. 1982).

In his pre-trial submissions, Kirkie included a proposed written instruction on a lesser included offense. The instruction was not included, however, in the trial court's proposed instructions, presented to counsel at the charge conference. Despite the trial court's two inquiries at the close of the conference into whether counsel had any objections to the court's instructions, Kirkie made no objections at that time. Moreover, neither the record nor the appellant's brief explains the basis upon which the lesser included offense instruction should have issued. We find that the trial court did not abuse its discretion in denying Kirkie's motion for a new trial on the basis of an omitted jury instruction.

**Alibi Jury Instruction**

Kirkie's final challenge is to the trial court's denial of his motion to instruct the jury on an alibi defense. A defendant is entitled to an instruction on his theory of defense if there is evidence to support it and a proper request has been made. United States v. Bartlett, 856 F.2d 1071, 1082 (8th Cir. 1988) (quoting United States v. Brown, 540 F.2d 364, 380 (8th Cir. 1976)). If, however, "a defendant fails to preserve a claim of instructional error, our review is for plain error. Under plain error review, we reverse only if the error prejudices the substantial rights of a party and would result in a miscarriage of justice if left uncorrected." United States v. McNeil, 184 F.3d 770, 778 (8th Cir. 1999) (citations and quotations omitted).

No written, proposed alibi instruction was provided to the trial court; however, Kirkie presented an oral motion to that effect at the charging conference. Finding insufficient evidence to support such an instruction, the trial court denied the motion. Kirkie made no objection at that time nor at the close of the conference upon the trial court's inquiry for any further objections. Thus, the issue was not properly preserved for appeal. Nonetheless, a review of the evidence shows that the trial court did not err in failing to instruct the jury on an alibi defense. The defense clearly presented various evidence attempting to account for his whereabouts during

13

the time in question, i.e., self-created time log, sales slip from shopping trip, testimony of friends and relatives. However, as the trial court noted and we agree, there remain significant time periods of varying duration within the relevant time frame when the abuse was alleged to have occurred. While the defense was not precluded from arguing to the jury the impossibility of the defendant's guilt given his whereabouts during the alleged incidents, the incomplete evidence of a true alibi was a sufficient basis upon which to deny the motion for an instruction. We find that the trial court did not err in denying Kirkie's motion for a jury instruction on an alibi defense.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.