# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1449
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Southern |
| Otho Leonard Rater, | * | District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: December 22, 2003

Filed: April 30, 2004
_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

After a bench trial, the district court[1] convicted Otho Rater of five counts of willfully failing to pay child support, in violation of 18 U.S.C. § 228(a)(3), and sentenced him to concurrent terms of 15 months imprisonment and one year supervised release. On appeal, Mr. Rater's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the government failed to prove beyond a reasonable doubt that Mr. Rater acted willfully in failing to

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

pay his support. Mr. Rater has not filed a pro se supplemental brief, but he has moved separately to stay execution of his sentence, or for its early termination.

The testimony and stipulated facts, viewed most favorably to the verdict, show that Mr. Rater worked only sporadically and turned down or left jobs despite his substantial past-due support obligations, and that Mr. Rater failed to seek employment commensurate with his capabilities; his only regular voluntary payments during the charged time period were de minimis, and were made to avoid further orders of contempt in state court. Also, he had plotted with his girlfriend to disguise assets. We believe this evidence was sufficient to permit a reasonable trier of fact to conclude beyond a reasonable doubt that Mr. Rater acted willfully in violation of section 228(a)(3). See United States v. Robinson, 217 F.3d 560, 564 (8th Cir.) (standard of review), cert. denied, 531 U.S. 999 (2000); cf. United States v. Harrison, 188 F.3d 985, 987 (8th Cir. 1999) (defendant must have had ability to pay before he can be found to have failed willfully to pay child support); United States v. Ballek, 170 F.3d 871, 873, 875 (9th Cir.) (absentee parent cannot avoid child-support obligation by refusing to accept gainful employment; government need not prove parent's failure to accept employment was caused by desire to withhold payments or any similar evil motive), cert. denied, 528 U.S. 853 (1999).

Mr. Rater argued on appeal that his convictions were multiplicitous because the facts that formed the basis for them would support a conviction for a single offense only. See United States v. Street, 66 F.3d 969, 975 (8th Cir. 1995). Mr. Rater, however, did not raise this issue in the trial court, and neither he nor his counsel submitted a brief on the matter despite our direction to do so. We therefore decline to address the issue.

We have carefully reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's

motion to withdraw, and we affirm.  We deny the pending pro se motions, and we deny the government's pending motion as moot.

_____