# United States Court of Appeals
## For the First Circuit

No. 10-1370

UNITED STATES,

Appellee,

v.

DAVID C. CARLSON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Thompson, Circuit Judges.

Michael B. Whipple and The Hallett Law Firm on brief for appellant.
Thomas E. Delahanty, II, United States Attorney and Margaret D. McGaughey, Appellate Chief on brief for appellee.

May 9, 2011

**Per Curiam**.  We have reviewed the record and the parties' submissions, and we affirm.

The appellant, David C. Carlson ("Carlson"), was convicted of failing to pay a legal child support obligation in violation of the Child Support Recovery Act, 18 U.S.C. § 228(a)(3) ("CSRA").  He argues that the district court erred in instructing the jury that he could be found guilty of violating the CSRA so long as the jury concluded beyond a reasonable doubt that he was able to pay at least a portion of his child support obligation but failed to do so.  Carlson takes the position that the CSRA only imposes criminal liability where the defendant is able to pay the entire amount of child support due but fails to do so.  We reject this reading of the statute.  In doing so, we are in accord with our sister circuits who have decided the question.  See United States v. Bell, 598 F.3d 366, 371 (7th Cir. 2010); United States v. Davis, 588 F.3d 1173, 1177 (8th Cir. 2009); United States v. Kukafka, 478 F.3d 531, 539 (3d Cir. 2007); United States v. Mattice, 186 F.3d 219, 228 (2d Cir. 1999);  United States v. Mathes, 151 F.3d 251 (5th Cir. 1998); see also  United States v. Smith, 278 F.3d 33, 40 n. 4 (1st Cir. 2002) (citing Mattice with approval).

Carlson also challenges the district court's jury instruction explaining the requirement that the outstanding child support debt be greater than $10,000 or remain unpaid for longer than two years. See 18 U.S.C. § 228(a)(3).  Carlson challenges the court's

explanation of the "greater than $10,000" prong.  We see no plain error in the court's instruction, as it is undisputed that the child support debt in question remained unpaid from the time the divorce was finalized in 2004 until the defendant was arrested in 2008.  See United States v. Matos-Luchi, 627 F.3d 1, 8-9 (1st Cir. 2010) (citation omitted).  It was of no consequence, then, whether the district court properly explained the "greater than $10,000" prong to the jury.  We see no basis in the record on which to conclude that this challenge to the jury instructions was preserved.

Affirmed.  See 1st Cir. 27.0(c).