# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3376
_____

United States of America

*Plaintiff - Appellee*

v.

Stanley Blake Morrison

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: May 16, 2014
Filed: May 22, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Stanley Blake Morrison of one count of assault resulting in serious bodily injury, a violation of 18 U.S.C. §§ 113(a)(6) and 1153. Morrison

appeals from the district court's[1] denial of his motion for judgment of acquittal. We affirm.

On January 3, 2013, Gerald Condon left a party at his cousin's residence in Eagle Butte, South Dakota, and drove to Morrison's home, which was located nearby. Shortly thereafter, Condon returned to his cousin's residence. Condon's face was bleeding and his clothing and car seat were wet with blood. The bleeding did not subside, and Condon was taken to a hospital.

The indictment charged Morrison with assaulting Condon. At trial, Condon testified that Morrison had struck him twice, causing injuries to his face and chest. The district court denied Morrison's motions for judgment of acquittal at the close of the government's case-in-chief and at the close of all of the evidence. Following the entry of the guilty verdict, Morrison was sentenced to 37 months' imprisonment.

Morrison contends that the evidence was insufficient to support his conviction and that the district court therefore erred in denying his motion for judgment of acquittal. "We review denial of a motion for a judgment of acquittal *de novo*." United States v. Stroud, 673 F.3d 854, 861 (8th Cir. 2012). "In reviewing the denial of a motion for judgment of acquittal based on insufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and reverse only if no rational fact finder could have found the defendant guilty beyond a reasonable doubt." United States v. Seibel, 712 F.3d 1229, 1236 (8th Cir. 2013) (quoting United States v. Kirkie, 261 F.3d 761, 768 (8th Cir. 2001)).

Morrison challenges the sufficiency of the evidence on the ground that the only evidence presented by the government to support the verdict was Condon's

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

uncorroborated testimony. But "a victim's testimony alone can be sufficient to support a guilty verdict." United States v. Kenyon, 397 F.3d 1071, 1076 (8th Cir. 2005). To the extent that Morrison argues that the government failed to present physical evidence of the assault from the crime scene, we note that the lack of physical evidence does not warrant overturning Morrison's conviction. See Kirkie, 261 F.3d at 768 (concluding that a lack of physical evidence did not demonstrate insufficient evidence because "[e]ven if the jury relied only on the testimony of the victim herself, there would be sufficient evidence to support the convictions"); see also United States v. Keys, 721 F.3d 512, 519 (8th Cir. 2013) ("[I]n reviewing a defendant's challenge to the sufficiency of the evidence, '[w]itness testimony . . . does not need to be corroborated.'" (second and third alterations in original) (quoting United States v. Perez, 663 F.3d 387, 391 (8th Cir. 2011))). Further, any argument that Condon's testimony was not credible or that it was not corroborated by independent evidence is not within the scope of our review, as we do not weigh the evidence or consider the credibility of witnesses in reviewing the denial of a motion for judgment of acquittal. See Seibel, 712 F.3d at 1237; see also United States v. Malloy, 614 F.3d 852, 861 (8th Cir. 2010) (holding that the defendant's arguments that the witnesses who testified were not credible and that their testimony was uncorroborated were not reviewable because they involved questions reserved for the jury); United States v. Carpenter, 422 F.3d 738, 746 (8th Cir. 2005) ("While corroborating evidence can support the testimony of witnesses, the cases relied on by [the defendant] do not hold that witness testimony must be corroborated. Rather, the credibility of witnesses is for the jury to evaluate." (citations omitted)). Taken in the light most favorable to the verdict, the evidence was sufficient to support the verdict.

The judgment is affirmed.

_____