UNITED STATES of America, Appellee,

v.

**Keith Eugene BALL, Appellant.**

No. 88–5183.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1988.

Decided Feb. 23, 1989.

Rehearing Denied April 7, 1989.

Jane Wipf, Rapid City, S.D., for appellant.

Ted L. McBride, Asst. U.S. Atty., Rapid City, S.D., for appellee.

Before McMILLIAN and BEAM, Circuit Judges and WHIPPLE,* District Judge.

WHIPPLE, District Judge.

Appellant was charged by indictment with one count of forcibly assaulting a federal officer with a dangerous or deadly weapon in violation of 18 U.S.C. § 111 and 18 U.S.C. § 1114. Trial commenced on

March 14, 1988, and on March 15, 1988, the jury returned its verdict of guilty upon the lesser included offense of forcibly assaulting a federal officer.

The sole issue presented on appeal is whether the district court[1] erred in admitting testimony regarding appellant's alleged post-arrest statements. We affirm.

## I. BACKGROUND

On August 8, 1987 Forest Service enforcement officers Ronald Miller and Steven Ruppert were engaged in routine patrol in the Pactola District of the Black Hills National Forest near Rapid City, South Dakota. Both officers were in uniform and in a marked Forest Service vehicle. The officers arrived at a park picnic ground shortly after 10:00 p.m. and observed three individuals beside a campfire. The three individuals were later identified as Dean Kelley, Melanie Kelley, and appellant Keith Ball.

Appellant and his friends had spent the day recreating at the park. The picnic ground where they were located had been designated for day use which required it to be vacated by 10:00 p.m. and they were there after 10:00 o'clock at night due to the fact that the Kelleys' vehicle had stalled. They were waiting for assistance with the stalled vehicle when observed by the Forest Service officers.

After observing the three individuals beside the fire, the officers disembarked from their vehicle and immediately requested identification from appellant and the Kelleys. Dean Kelley complied. Melanie Kelley refused to provide any identification. At this point there is a divergence in the recitation of facts concerning what occurred.[2] Officers Miller and Ruppert testified that appellant was provocative and difficult concerning identification of his per-

---

* The HONORABLE DEAN WHIPPLE, United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, Western Division.

2. Both versions of the facts will be summarized but the jury has resolved the fact issues by its finding of guilty, which would be compatible with the officers' version of the incident.

son.[3] However, appellant ultimately surrendered his fishing license to Officer Ruppert. The officers testified that they then attempted to locate the Kelleys' keys to their vehicle.

The Kelleys testified that the officers had immediately requested identification and the officers removed the keys from the Kelleys' vehicle, which angered and concerned them. During this time, appellant allegedly approached officer Miller and made derogatory or threatening statements. Shortly thereafter, a friend of appellant's, David Marrs, returned to help move the Kelley vehicle. Appellant and the others were going to tow the vehicle out of the picnic area with a logging chain and Mr. Marrs' pickup.

The officers testified that after appellant approached Miller and made derogatory or threatening statements concerning the chain,[4] Miller backed away from appellant and started to turn around when he was struck in the leg by the chain. Appellant testified that he was connecting the chain between the disabled Kelley vehicle and the Marrs pick-up when Officer Miller tripped over the chain as appellant was kneeling down and pulling on it to remove the slack. The appellant and his witnesses, Dean and

Melanie Kelley testified that this was how Officer Miller was injured by the chain.

After Officer Miller was struck by the chain, the appellant and Melanie Kelley were arrested and placed in the Forest Service vehicle for transportation back to the Pennington County Jail. The officers testified that during the trip to the county jail, the appellant voluntarily stated that he had access to a 25.06 and a .41 Magnum (firearms) and that in order to become a member of the Sons of Silence, an infamous motorcycle gang, he would have to kill somebody. The officers testified that appellant also stated that if he couldn't do it, he had friends who could. The officers stated that no questions were asked of appellant during this time and that he voluntarily made these statements. Both the appellant and Melanie Kelley denied that these statements were made.

Prior to trial, defense counsel moved in limine to suppress or limit admission of these post-arrest statements. A hearing was held pursuant to 18 U.S.C. § 3501, for the purpose of taking the testimony regarding the post-arrest statements. The court specifically found that the statements were admissible under the criteria set forth in § 3501.[5]

---

3. Officer Ruppert testified that appellant pulled out a fishing license and intentionally dropped it on the ground in front of him. Ruppert asked appellant to pick up the license. Again, appellant dropped the license in front of him. After Ruppert obtained the license he returned to the Forest Service vehicle to check the license with the local county sheriff's dispatcher. While at the vehicle, Ruppert observed appellant pick up a large piece of firewood and begin beating the fire grill where he and his friends had built a fire.

4. Officer Ruppert testified that appellant appeared at his side with the chain and Ruppert stepped around him to return to Melanie Kelley to again request indentification. Then appellant approached him with the chain in his hand. Ruppert turned to appellant and asked, "Are you threatening me with that chain?" (Tr. 96). Appellant did not respond. At this point officer Miller, the more experienced officer and the only armed officer, stepped between appellant and Ruppert and advised appellant not to threaten Ruppert with the chain. Appellant apparently taunted the officers, stating, "Go ahead and take it off my shoulder." Officer Miller took the chain off his shoulder and appellant

put it back on. Again, Officer Miller took the chain off appellant's shoulder. At this point Miller backed away from appellant and started to turn around. (Tr. 54–56, 96–97).

5. Section 3501 of 18 U.S.C. governs admissibility of confessions. Sub-section (b) sets forth the five factors the trial judge should consider in determining the issue of whether information was given voluntarily, including (1) the time elapsing between arrest and arraignment of the defendant making the confession if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and giving such confession.

The district court found the statements admissible as evidence which occurred shortly after and in close proximity to the offense which could actually be construed as a continuation of events for which the appellant stood trial. The court decided to determine the relevance and prejudicial nature of the testimony following receipt of other testimony by the Forest Service employees.

Testimony of the appellant's post-arrest statements was received over objection at trial. Both officers were allowed to testify regarding the alleged threatening statements. Appellant and his witnesses, Melanie and Dean Kelley, testified that the chain was hooked up between the two vehicles and that officer Miller had merely tripped over it.

## II. REVIEW

The standard for review of the district court's evidentiary rulings challenged by the appellant is whether the court abused its discretion. *United States v. Poston,* 727 F.2d 734, 739 (8th Cir.), *cert. denied,* 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561 (1984). This standard was clearly set forth in *United States v. Abodeely,* 801 F.2d 1020, 1022 (8th Cir.1986):

The admissibility of evidence is primarily a determination to be made by the district court, *United States v. Jones,* 687 F.2d 1265, 1267 (8th Cir.1982), and this court will not substitute its judgment unless there has been an abuse of discretion. *United States v. Iron Shell,* 633 F.2d 77, 86 (8th Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981).

Indeed, "[i]t is settled that a district court is cloaked with broad discretion concerning the admissibility of evidence." *Sparks v. Shelter Life Ins. Co.,* 838 F.2d

987, 990–91 (8th Cir.1988), citing *United States v. Poston, supra,* 727 F.2d at 739.

The trial court determined that appellant's statements were "part of the overall acts or conduct which gave rise to the indictment." (Tr. 3). The court found the statements admissible because "it is the court's opinion that this evidence, which occurred shortly after and in close proximity to the offense itself, actually could be construed as a continuation of the events for which the appellant now stands trial." (Tr. 3).

Appellant argues that the statements made by him after his arrest should not have come into evidence for six reasons:

1. The statements were subsequent events which could not be construed as a continuation of events for which the appellant was on trial;

2. It is inconceivable that the statements be so "inextricably bound up with the offense charged," that the admission of the alleged threatening statements could be proof of the offense charged;

3. When the post-arrest statements were made, appellant was under arrest and the statements were not indicative of his intent at the time of the alleged assault;

4. The statements were not admissible pursuant to Fed.R. of Evid. 404.[6]

5. The prosecutor introduced the statements simply to depict appellant as a bad man and indicated that appellant desired to engage in antisocial behavior.

6. The statements were of such a heinous nature that they should have been precluded from evidence under Fed.R. of Evid. 403 because their prejudicial effect overrode their probative value.

Appellant concedes that this case depends primarily upon the credibility of the witnesses. Appellant contends that the

6. Fed.R.Evid. 404(a) prohibits the introduction of evidence of a person's character for the purpose of proving that he acted in conformity therewith at the time in question. Rule 404(b) provides certain exceptions to this general prohibition. Bad acts or other crimes evidence may be admissible to prove an issue other than defendant's character, such as motive, intent or knowledge. However, in order to admit bad act

evidence, the acts referred to must be relevant to an issue other than the defendant's character and the probative value of the evidence must not be substantially outweighed by its undue prejudice. In addition, the evidence admitted must be relevant to a material issue in the action. *United States v. Mays,* 822 F.2d 793, 796–98 (8th Cir.1987).

conviction must be reversed and remanded for a new trial because the statements produced by the prosecution were irrelevant to the elements of the crime charged and were introduced to depict appellant as a bad person, and prejudiced the appellant's right to a fair trial.

## III. DISCUSSION

In a criminal jury trial, the jury is the trier-of-the-facts and entitled to receive all the facts which present as nearly as possible a true picture of what transpired during the actual event for which an appellant stands trial. The disputed facts were resolved by the jury when they returned their guilty verdict, and the jury's finding will not be challenged.

■ The trial court properly ruled that appellant's post-arrest statements were a continuing part of the incident that occurred that night in the park and were necessary to give the jury a total picture of appellant's state of mind during his entire contact with the arresting officers.

This court has consistently recognized that acts following the offense charged may be testified to as "integral parts of the offense for which the defendant was charged." *United States v. Two Eagle,* 633 F.2d 93, 95 (8th Cir.1980). The rules permit "the introduction of evidence of other criminal activity to complete the story of the crime on trial by proving its immediate context or the res gestae." *United States v. Two Eagle, supra,* 633 F.2d at 95, n. 3; *citing Carter v. United States,* 549 F.2d 77, 78 (8th Cir.1977), *quoting United States v. Howard,* 504 F.2d 1281, 1284 (8th Cir.1974).

According to the officers' testimony[7] within a matter of minutes after having forcibly resisted arrest and assaulting Officer Miller with a chain, the appellant made unsolicited statements evidencing a continuing intent or desire to do harm to the officers. This activity was an integral part

of the flow of the entire offense and is, therefore, relevant.

In a criminal action, "subsequent events or transactions may be introduced if they are an integral part of the offense for which the defendant is charged." *United States v. Poston, supra* 727 F.2d at 740, *citing United States v. Gallington,* 488 F.2d 637, 641 (8th Cir.1973), *cert. denied,* 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974). Subsequent events evidence may be an integral part of the offense if such activity is "so blended or connected with the one [offense] on trial as that proof of one incidentally involves the other; *or explains the circumstances thereof;* or tends logically to prove any element of the crime charged." *United States v. Poston,* 727 F.2d at 740, *quoting United States v. Derring,* 592 F.2d 1003, 1007 (8th Cir.1979) (emphasis added). Here, the challenged statements clearly explain the circumstances of this incident. Specifically, they illustrate that the assault was not an accident. The statements tend to logically prove intent, an element of the crime charged.

The officer's testimony concerning the post-arrest statements was admissible because it was highly probative of the state of the mind of appellant during his contact with the Forest Officers in the field. The statements add credence to the officers' story of what actually occurred. Clearly, these statements are part of the res gestae. Proof of the post-arrest statements incidentally involves proof of the hostility of the appellant necessary to commit the assault and explains the hostile circumstances throughout the appellant's interaction with the officers.

Likewise, these statements are admissible under Rule 404(b) of the Federal Rules of Evidence to prove mens rea. Rule 404(b) provides that other acts are admissible for such purposes as proof of motive, intent or absence of mistake or accident. This is a particularly crucial element in this case. At the time the appellant threatened

---

7. It must be remembered that the officers' testimony of what occurred is directly contradicted by the testimony of defendant and his witnesses, Dean and Melanie Kelley. Therefore, the cir-

cumstances in existence when the defendant and the Kelleys interacted with the officers is materially in dispute.

the officers with the chain and then hit officer Miller with the chain, he did not make any statement which might evidence his intent. This evidence was properly admitted to show the appellant's intent and that it was not by mistake or accident that the officer was struck by the chain.

The criteria for introduction of this type of evidence was clearly set forth in *United States v. Poston,* 727 F.2d at 739–40:

(1) The evidence must be admissible on a material issue raised;

(2) The evidence must be similar in kind and reasonably close in time to the charge on trial;

(3) Evidence of the other crimes or bad acts must be clear and convincing; and

(4) Prejudice to the defendant must be outweighed by the probative value of the evidence.

As stated, (1) the evidence in this case is material to the issue of intent or absence of mistake; (2) the alleged threatening statements are similar and consistent with the charge of assault; (3) the officers' testimony proved by clear and convincing evidence that the appellant made the statements; (4) the probative value of this evidence was exceptionally high, given that it is the best evidence available as to the appellant's intent, motive and the fact that there was an absence of mistake. The district court recognized the applicability of *Poston* and properly admitted the evidence. (Tr. 3).

Appellant has argued that even if the evidence is relevant, it should be excluded under Federal Rule of Evidence 403.[8] "The task of balancing the probative value of this evidence against its prejudicial value is primarily for the trial court, and we normally defer to its judgment." *United States v. Bass,* 794 F.2d 1305, 1312 (8th Cir.1986) *citing United States v. Boykin,* 679 F.2d 1240, 1244 (8th Cir.1982); *United States v. Derring, supra* 592 F.2d at 1007 n. 6; *United States v. Peltier,* 585 F.2d 314, 332 (8th Cir.1978).

Giving deference to the district judge who heard and saw the evidence, *United States v. Maestas,* 554 F.2d 834, 836 (8th Cir.), *cert. denied* 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977), we cannot say that the district court abused its discretion in determining that the prejudicial impact of the challenged statements relating to the assault of the forest officer did not substantially outweigh its probative value. Further, the lack of other evidence establishing appellant's intent to commit the assault indicates that resort to evidence of the post-arrest statements was necessary and not unfairly prejudicial. *Cf., United States v. Bohr,* 581 F.2d 1294, 1299 (8th Cir.), *cert. denied,* 439 U.S. 958; 99 S.Ct. 361, 58 L.Ed.2d 351 (1978).

The challenged statements were appropriately admitted to prove the intent of the appellant. They were necessary to complete the story of the crime on trial. Accordingly, the conviction is affirmed.

---

8. Fed.R.Evid. 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Factors controlling against admissibility is a matter for the district court's judgment. *United States v. Abel,* 469 U.S. 45, 54, 105 S.Ct. 465, 470, 83 L.Ed.2d 450, 459 (1984).