United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-1492

United States of America,            *
                                     *
            Appellee,                *
                                     *
      v.                             *   Appeal from the United States District
                                     *   Court for the Western District of
Alim Hafiz,                          *   Missouri.
                                     *
            Appellant.               *

_____

Submitted: September 10, 1997
Filed: November 25, 1997
_____

Before BEAM, FLOYD R. GIBSON, and HEANEY, Circuit Judges.
_____

BEAM, Circuit Judge.

Alim Hafiz appeals his conviction and sentence on one count of armed bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a) and (d). The district court[1] sentenced Hafiz to 78 months' confinement. We affirm.

_____

[1]The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

## I. BACKGROUND

Viewing the evidence in the light most favorable to the verdict, a jury could reasonably find the following facts. On September 7, 1995, the appellant, Alim Hafiz, and Kevin Samuels plotted a bank robbery while in the presence of James Smith. The next morning, Hafiz drove Samuels to a shopping center parking lot which is across the street from Boatmen's First National Bank, located at 3400 Red Bridge Road in Kansas City, Missouri. Hafiz parked the car facing the bank. While Hafiz and Samuels sat in the parked car, two witnesses became suspicious and called the police. Hafiz and Samuels remained in the car for a few minutes before driving to a nearby gasoline station.

From a gasoline station pay phone, Hafiz called the bank and asked if it was open. Shortly thereafter, they drove to the bank parking lot. Samuels exited the car and Hafiz drove away. Samuels rolled a ski mask over his face, pulled the hood of his sweatshirt over his head and entered the bank. He robbed the bank at gunpoint and fled on foot with approximately $9,450 cash. Samuels and Hafiz subsequently split the proceeds. Smith took no part in the robbery and was never charged with any crime related to it.

Hafiz contends that the district court erred at trial in: (1) limiting the cross-examination of Smith with respect to his involvement in the crime and any agreements he might have made with the government; (2) refusing to submit a modified version of Eighth Circuit Model Jury Instruction 4.04; and (3) submitting, over objection, Eighth Circuit Model Jury Instruction 4.15. He also asserts that the district court erred in failing to adjust his offense level as a lesser participant under the Sentencing Guidelines.

## II.    DISCUSSION

We agree with the government's argument that the asserted trial errors were harmless.  "An error is harmless if the reviewing court, after viewing the entire record, determines that no substantial rights of the defendant were affected, and that the error did not influence or had only a very slight influence on the verdict."  United States v. McCrady, 774 F.2d 868, 874 (8th Cir. 1985) (citations omitted).  After carefully reviewing the record, we hold that the asserted trial errors, if any, were harmless in light of the overwhelming evidence indicating Hafiz's guilt.  See Fed. R. Crim. P. 52(a).

The district court's decision not to adjust Hafiz's offense level is a factual determination which we review under the clearly erroneous standard.  See, e.g., United States v. Hall, 949 F.2d 247, 249 (8th Cir. 1991).  The Sentencing Guidelines require a four-level adjustment for a codefendant who is a "minimal participant;" a two-level adjustment for a "minor participant;" and a three-level adjustment for one falling between "minor" and "minimal."  U.S. Sentencing Guidelines Manual § 3B1.2.  A "minimal participant" includes a defendant "plainly among the least culpable of those involved in the conduct of a group."  Id. comment. (n.1).  "[A] minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal."  Id. comment. (n.3).  Hafiz asserts that the district court should have adjusted his offense level at least two levels.  We disagree.

The record shows that Hafiz plotted this robbery with Samuels and drove him to the bank knowing that he intended to rob it.  Hafiz provided him with a gun and duffel bag to use in the robbery.  Moreover, after the robbery, Hafiz split the robbery proceeds with him.  Based on these facts alone, we hold that the district court did not commit clear error in refusing to adjust Hafiz's offense level under section 3B1.2.  See United States v. Crouch, 46 F.3d 871, 876 (8th Cir. 1995) (holding that a person who repeatedly supplied guns to a group of bank robbers and financed one of the robberies was not entitled to a minor participant adjustment); see also United States v. Pinkney,

15 F.3d 825, 828 (9th Cir. 1994) (refusing a minor participant adjustment for a codefendant who drove a bank robber to and from the crime scene).

## III.  CONCLUSION

For the foregoing reasons, we affirm the conviction and sentence.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.