# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1748WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court for |
| v. | * | the Western District of |
| | * | Missouri. |
| Paul George Christmann, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 14, 1999

Filed: October 14, 1999

_____

Before RICHARD S. ARNOLD, BRIGHT, and LOKEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


The appellant in this case, Paul G. Christmann, pleaded guilty to two counts of aiding and abetting the robbery of a bank. Two separate robberies involving the same bank, the Mercantile Bank of South Central Missouri, occurred on October 3 and October 22, 1998, respectively. The appellant, whom we shall call "defendant" in this opinion, was sentenced to six years and six months (78 months) in prison on both counts, the sentences to run concurrently. The defendant appeals, claiming error in sentencing. We affirm. We hold, among other things, that an enhancement for use of

a firearm during the robberies was appropriate, notwithstanding the fact that the gun in question was not loaded.

Mr. Christmann's first point on appeal has to do with an upward adjustment of his offense level because a "firearm" was used in the two robberies. The person who actually entered the bank and took money (on both occasions) was a co-defendant, Ralph Francisco Torres. Torres had a pistol with him both times. During the first robbery, on October 3, Torres pointed the pistol at bank employees. On the second occasion, on October 22, Torres cocked the pistol and pointed it at bank employees. Defendant's role was to drive Torres to and from the bank, and defendant got a share of the proceeds of each robbery. According to defendant, the gun was not loaded on either occasion, and defendant knew this. The government did not establish that the gun was loaded, and so we assume for purposes of this appeal that it was not.

The relevant guideline is U.S.S.G. § 2B3.1, which provides that the base offense level for bank robbery will be enhanced if a firearm is used during the robbery. The term "firearm" is defined in the commentary to U.S.S.G. § 1B1.1. The definition reads as follows:

> "Firearm" means (i) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (ii) the frame or receiver of any such weapon . . ..

U.S.S.G. § 1B1.1, comment. [n.1(e)].

Under this definition, it is not relevant whether the gun was loaded. The definition includes "any weapon . . . which . . . is designed to or may readily be converted to" shoot a bullet. A gun in which a bullet can be loaded, and which is then capable of shooting the bullet, is such a weapon. The pistol used in this case was a .25

2–

caliber semi-automatic pistol, and it fits this definition whether it was loaded or not. The definition turns on what the weapon is designed to do, not on whether it is capable of doing its job at the particular moment that the crime was committed. This makes sense, because the bank employees had no way of knowing that the gun was unloaded, and, in fact, the robbers manifestly intended the bank employees to believe that the gun was loaded. Threatening someone with a gun that the victim knows is not loaded would hardly be a convincing way to rob a bank.

Mr. Christmann also contends that he ought to have received a two-level reduction in his offense level, under U.S.S.G. § 3B1.2(b), on account of being only a "minor participant" in the offense. Under application note 3 to this guideline, "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." We can agree that Mr. Christmann was less culpable than Mr. Torres, the actual robber. However, there was a third participant, a Ms. Baker, who was significantly less to blame than either Mr. Christmann or Mr. Torres. Ms. Baker helped Mr. Torres steal the car that was involved in the second robbery, and she shared in the proceeds of the second robbery. Mr. Christmann, on the other hand, drove Mr. Torres to the bank on both occasions and shared the proceeds of the robbery on both occasions. On the first occasion, Mr. Christmann's share was $5,500, which was equal to the amount that Mr. Torres kept for himself. In these circumstances, it is our view that the District Court did not err in declining to characterize Mr. Christmann's participation as "minor." He was more culpable than Ms. Baker, who was not involved at all in the first robbery, and did not go to the scene of the second robbery. Here, there were three participants, and Mr. Christmann's culpability ranks in the middle of the three. As a matter of arithmetic, he cannot be said to be less culpable than "most" of the other participants. If he and Ms. Baker were equally to blame, and if their culpability were significantly below that of Mr. Torres, it might be possible for a court to read the guideline without literal strictness and give Mr. Christmann a reduction for being a "minor participant," but that is not the case here.

3–

The judgment is affirmed. We wish to record our appreciation to appointed counsel for appellant.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.