# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1499
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| James Osler, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 7, 2001

Filed: August 14, 2001
_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.
_____

PER CURIAM.

James Osler pleaded guilty to aiding and abetting a bank robbery. Osler now appeals his fifty-month sentence, claiming the district court should have reduced his offense level because he was only a minor participant in the offense. See U.S. Sentencing Guidelines Manual § 3B1.2(b) (2000) (U.S.S.G.); id. n. 3 (defining a minor participant as one "who is less culpable than most other participants, but whose role could not be described as minimal"). Contrary to Osler's assertion, his status as a minor participant is a factual determination that we review for clear error. See United States v. Alverez, 235 F.3d 1086, 1090 (8th Cir. 2000), cert. denied, 121 S. Ct. 1983 (2001). Here, Osler was aware of the robber's plan to rob the bank, drove the car to

and from the robbery, and accepted $900 of the $3050 in proceeds. Having twice upheld the rejection of a minor participant reduction for a get-away driver who had advance knowledge of the bank robbery and shared in the proceeds of the robbery, we likewise conclude the district court's denial of Osler's objection is not clearly erroneous. See United States v. Christmann, 193 F.3d 1023, 1025 (8th Cir. 1999), cert. denied, 529 U.S. 1044 (2000); United States v. Hafiz, 129 F.3d 1011, 1013 (8th Cir. 1997). Thus, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.