**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charlie HIGHSMITH, Defendant–**
**Appellant.**

**No. 00–30182.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2001

Filed Oct. 23, 2001

William A. D'Alton, Brown Law Firm, P.C., Billings, Montana, for the defendant-appellant.

James E. Seykora, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

Before: BROWNING, WALLACE, and T.G. NELSON, *Circuit Judges*.

T.G. NELSON, Circuit Judge:

We have jurisdiction pursuant to 28 U.S.C. § 1291. In a separate memorandum disposition we affirmed on all issues raised in this appeal but one. As to that issue, we conclude that the district court erred when it found that the defendant was in constructive possession of a weapon and applied a sentencing enhancement. Accordingly, we vacate the sentence and remand for resentencing.

We review the district court's factual findings in the sentencing phase for

**1142**

clear error.[1] In this instance, in which the fact in question did not increase the penalty for the crime beyond the statutory maximum,[2] the factual findings of the district court must be supported by a preponderance of the evidence—"a showing that the relevant fact is more likely true than not."[3]

■ Charlie Highsmith was convicted on drug-related charges after a four-day trial. At sentencing, the district court found that Highsmith was in constructive possession of a firearm during the commission of his crime and gave him a two-point sentence enhancement pursuant to the United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(b)(1) (Nov. 1998). Highsmith appeals, arguing that there was insufficient evidence of constructive possession to support the enhancement. We agree.

The firearm in question was found on the day of Highsmith's arrest in a cohort's bedroom, along with a quantity of drugs. The evidence clearly established that Highsmith had access to the bedroom and that he dealt drugs from the bedroom. Thus, the district court did not err when it inferred that Highsmith had access to the weapon. However, the evidence did not establish that Highsmith knew of the firearm.

In *United States v. Kelso*,[4] we held that a defendant's access to a gun is necessary but insufficient to establish constructive possession. We concluded that although the defendant in that case "may have had access to the gun, there [wa]s no evidence he owned it, or even was aware of its presence" and thus held that the enhancement did not apply.[5] Similarly, in this case there was no evidence that Highsmith knew of the firearm. Accordingly, applying *Kelso*, it is clear that there was insufficient evidence to support a finding of constructive possession and to apply the enhancement.

The Government cites application note 3 of the sentencing guidelines for the proposition that the enhancement applies "unless it is clearly improbable that the weapon was connected with the offense."[6] The Government ignores *Kelso*, failing even to cite the case in its briefing. Yet in *Kelso*, we reversed the district court's decision—a decision that clearly rested on the language from application note 3 that the Government quotes to us now—to apply the same enhancement.[7] We publish this decision to make it even clearer that *Kelso*, to the extent that it conflicts with application note 3, controls. Applying it here, we vacate the sentence.

The conviction is AFFIRMED. However, the sentence is VACATED and the case is REMANDED FOR RESENTENCING.

---

1. *See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir.2000).

2. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

3. *United States v. Collins*, 109 F.3d 1413, 1420 (9th Cir.1997).

4. 942 F.2d 680 (9th Cir.1991).

5. *Id.* at 682. We also noted that, if the district court had found that the co-conspirator's possession of the gun in that case "had been reasonably foreseeable to Kelso," the enhancement would have been appropriate. *Id.* at n. 3. In this case, as in *Kelso*, the district court made no such finding.

6. U.S.S.G. § 2D1.1, comment. (n.3).

7. *Kelso*, 942 F.2d at 682 and n. 2 (describing the district court's holding "that it was not improbable ... that he was aware of the weapon," quoting the similar language in application note 3, and reversing).