**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cordell SMITH, Defendant–Appellant.**

**No. 02–1603.**

United States Court of Appeals,
Seventh Circuit.

Argued April 22, 2003.

Decided April 28, 2003.

Before COFFEY, RIPPLE, and EVANS, Circuit Judges.

### ORDER

A jury found Cordell Smith guilty of participating in a February 19, 1999, robbery of the North Community Bank on West Belmont Avenue in Chicago. Smith's role in the robbery earned him a 96–month sentence. On appeal, he first argues that the district court erred in denying his motion to suppress a confession he gave to FBI agents. He couples that request with a claim that the district court erred in denying him a downward adjustment for being a "minor participant" in the robbery.

The details of the robbery are unimportant on the suppression issue. Suffice to say that Smith was implicated as a co-participant in the robbery by a fellow named Rollins. Rollins actually pulled the robbery while Smith waited outside at the wheel of the get-away car. The suppression issue involves Smith's confession, given to the FBI agents almost 2 years after the robbery. Here, briefly, is a version of the facts pertinent to that issue viewed in the light most favorable to the government because it was accepted as true by the district court after an evidentiary hearing.

In mid–2000, FBI Special Agent Robert Amann took over the investigation of several 1998–99 bank robberies, including the one at the North Community Bank on February 19, 1999. Amann learned that Rollins had been arrested and had admitted participation in four robberies. Rollins gave a statement to Amann implicating Smith in the robberies, two as a get-away driver and two as a direct participant. Armed with this information, Amann and his partner went to Smith's house and knocked on the door. Smith's cousin invited them in, and the agents asked Smith if he would accompany them to the FBI office in Chicago to answer some questions about Rollins and several bank robberies. Smith asked if they would interview him at home, but when the agents stated that they preferred to interview him downtown, Smith agreed to leave with them. At the FBI office the agents advised Smith of his *Miranda* rights, and Smith subsequently confessed to three robberies, including the one at the North Community Bank.

Smith argues that the district court erred in denying his suppression motion because the FBI agents unlawfully entered his home without a warrant and coerced him to leave with them, which amounted to a seizure. But even if the agents unlawfully seized Smith, the exclusionary rule would not require that the confession made outside his home be suppressed if the arrest was supported by probable cause. *See New York v. Harris*, 495 U.S. 14, 21, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990). Smith attempts to argue that the agents lacked probable cause, but he waived his right to make that argument because he failed to challenge the government's probable cause showing in the district court. *See, e.g., United States v. Marvin*, 135 F.3d 1129, 1135 (7th Cir. 1998). Moreover, in his opening brief on appeal, Smith merely mentions the probable cause question in passing; he develops it only in his reply brief. *See Nelson v. LaCrosse County Dist. Attorney*, 301 F.3d 820, 836 (7th Cir.2002) (arguments raised for the first time in reply brief are waived).

■ Smith also attempts to distinguish *Harris* by arguing that he was forced to speak with the agents because they unlawfully seized him. That argument misses the point. *Harris* holds that a confession made outside the home is admissible *despite* an earlier unlawful seizure within the home if the authorities had probable cause to arrest. *Harris*, 495 U.S. at 21, 110 S.Ct. 1640. Smith does not argue that his confession was coerced or that he did not knowingly waive his *Miranda* rights. Thus, Smith's confession was admissible under *Harris*. And even if all this were in any way questionable, the district court finding that the entry into the house was consensual, a finding we endorse, would compel the denial of Smith's suppression motion.

■ Smith's other argument on appeal is that the district court erred in refusing to grant him a downward adjustment for playing a minor role in the bank robbery. *See* U.S.S.G. § 3B1.2. We review such a refusal for clear error. *United States v. Crowley*, 285 F.3d 553, 559 (7th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 158, 154 L.Ed.2d 155 (2002) (No. 02–5041), *cert. denied*, —— U.S. ——, 123 S.Ct. 1923, 155 L.Ed.2d 842 (2002) (No. 02–9709). A defendant is entitled to a downward adjustment for being a "minor participant" if he proves that he was "substantially less culpable" than the other participants. U.S.S.G. § 3B1.2, comment (n.3); *Crowley*, 285 F.3d at 559. But not all participants who played a lesser role in the offense qualify for the adjustment. "One person might be the 'driving force' behind a criminal scheme, but a defendant who plays an integral role by assisting with that scheme is not eligible for a minor role reduction." *Crowley*, 285 F.3d at 559.

The district court did not clearly err in denying Smith's request for a downward adjustment under § 3B1.2. In addition to being the get-away driver, Smith helped choose which bank to rob by driving by several banks to assess the level of security inside. Even though Smith never entered the North Community Bank, his actions were necessary to the success of the robbery. Thus, the district court did not err in denying the § 3B1.2 reduction. *See United States v. Hafiz*, 129 F.3d 1011, 1013 (8th Cir.1997) (denying § 3B1.2 reduction to getaway driver); *United States v. Lowery*, 60 F.3d 1199, 1201–02 (6th Cir.1995) (same); *United States v. Pinkney*, 15 F.3d 825, 828 (9th Cir.1994) (same).

AFFIRMED.