**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Melecio Martinez ZAMBADA, aka Melicio Martinez Zambada; Melecio Martinez Zambala; "Guero," Defendant–Appellant.**

No. 02–50547.

D.C. No. CR–00–01095–GAF–05.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Nov. 18, 2003.

Ronald L. Cheng, Esq., Lisa M. Feldman, Erik M. Silber, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, for Defendant–Appellant.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Melecio Martinez Zambada appeals his sentence following a conviction for conspiracy to possess with intent to distribute cocaine under 21 U.S.C. §§ 841(a)(1) and 846. We affirm.

### I

■ The district court did not clearly err in finding that Zambada possessed a firearm for purposes of U.S.S.G. § 2D1.1(b)(1). His wife said that the weapon in the closet in Zambada's room was his gun, it was the type of firearm that has no benign use, and it was loaded. Thus, Zambada's reliance on *United States v. Kelso*, 942 F.2d 680, 682 (9th Cir.1991), and *United States v. Highsmith*, 268 F.3d 1141, 1142 (9th Cir.2001), is misplaced. Although a weapon does not have to be present when overt acts are committed, *see United States v. Stewart*, 926 F.2d 899, 902 (9th Cir.1991), some acts in furtherance of the conspiracy took place at Zambada's house, and 193.6 grams of cocaine as well as a scale and substantial cash were found in the same search of Zambada's residence. This was relevant conduct suggesting that Zambada possessed the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

gun in connection with drug trafficking. *See United States v. Willard,* 919 F.2d 606, 609–10 (9th Cir.1990).

## II

For the same reasons, the district court's finding that Zambada was ineligible for the safety valve, U.S.S.G. § 5C1.2(a)(2), is well supported. While the burden and quantum of proof are different from § 2D1.1(b)(1), *United States v. Nelson,* 222 F.3d 545, 551 (9th Cir.2000), the conduct that makes the safety valve unavailable is the same, *United States v. Smith,* 175 F.3d 1147, 1149 (9th Cir.1999). Even if the district court's formulation were not perfectly clear, its finding that Zambada was not eligible for relief is not clearly erroneous as he could not possibly show on this record that he did *not* possess the gun while involved in drug trafficking.

AFFIRMED.