# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1841

_____

United States of America,         *
                               *

         Appellee,            *

                               *   Appeal from the United States

      v.                   *   District Court for the

                               *   District of Nebraska

Daleno Antwaynne Hayes,     *

                               *      [UNPUBLISHED]

         Appellant.        *

_____

Submitted:  January 7, 2004

Filed:  March 2, 2004

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Daleno Hayes appeals from the final judgment entered in the District Court[1] for the District of Nebraska after he pleaded guilty to bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2. The district court sentenced Hayes to 63 months imprisonment and 3 years supervised release. For reversal Hayes argues the district court erred by (1) denying him a mitigating-role reduction and (2) not granting credit or a downward departure to reflect time already served on a Maryland prison term for

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

a robbery committed a few days after the instant robbery. For the reasons discussed below, we affirm the judgment of the district court.

The district court did not clearly err in denying Hayes a mitigating role reduction because Hayes knew of the plan for the bank robbery, he assisted in the robbery, and he shared equally in the proceeds. See U.S.S.G. § 3B1.2, comment. (n.4) (defendant's lack of knowledge or understanding of scope and structure of criminal activity is indicative of minimal participation); United States v. Jankowski, 194 F.3d 878, 881 (8th Cir. 1999) (standard of review); cf. United States v. Christmann, 193 F.3d 1023, 1025 (8th Cir. 1999) (affirming denial of minor role reduction for getaway driver who had advance knowledge of bank robbery and shared in proceeds), cert. denied, 529 U.S. 1044 (2000).

Whether Hayes's Maryland prison term was discharged or undischarged, we conclude that U.S.S.G. § 5G1.3 did not entitle Hayes to any credit for time served on that sentence. If his Maryland prison term was undischarged (in that he was still on parole), Hayes was not entitled to concurrent sentencing because the Maryland robbery--which was different criminal conduct--was not fully taken into account in determining his offense level for the instant offense. See U.S.S.G. § 5G1.3(b) (if defendant's "undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term"); United States v. Harris, 324 F.3d 602, 605 (8th Cir.) (Guidelines § 5G1.3(b)'s requirement that undischarged-term offense be "fully taken into account" is stringent and has only narrow reach; section "can apply only when a defendant has been sentenced in state or federal court for the same criminal conduct or for criminal conduct necessarily included in the later federal charges"), cert. denied, 124 S. Ct. 209 (2003). If Hayes's Maryland prison term was undischarged, the district court could have exercised its discretion to make the federal sentence concurrent or partially concurrent with the remaining portion of the undischarged

term, see U.S.S.G. § 5G1.3(c), p.s. (in any case not otherwise addressed by Guidelines § 5G1.3, sentence "may be imposed to run concurrently, partially concurrently, or consecutively to" prior undischarged prison term to achieve reasonable punishment for instant offense), but could not have given Hayes credit for time already served in Maryland, see United States v. Fermin, 252 F.3d 102, 109-10 (2d Cir. 2001) (under Guidelines § 5G1.3(c), new sentence may be concurrent with remaining portion of preexisting sentence; section does not authorize court to reduce defendant's sentence below Guidelines range for time already served on different sentence, and does not provide same "credit" for time served that is available under Guidelines § 5G1.3(b)).

If Hayes's Maryland prison term was discharged, the downward departure provision in Application Note 7 does not help him because, as discussed above, Guidelines § 5G1.3(b) would not have applied to his Maryland prison term if it had been undischarged. See U.S.S.G. § 5G1.3, comment. (n.7) ("In the case of a discharged term of imprisonment, a downward departure is not prohibited if subsection (b) would have applied to that term of imprisonment had the term been undischarged.").

Hayes further argues that the district court should have granted him a downward departure because the delayed prosecution of the instant robbery denied him the opportunity to serve this federal sentence concurrently with his Maryland prison term. The denial of a motion for downward departure is not reviewable on appeal. Nonetheless, to the extent Hayes is arguing that the delay was unconstitutional, this argument fails because Hayes conceded that the prosecution's delay was not in bad faith and he did not argue the delay was unreasonably long. See United States v. Los Santos, 283 F.3d 422, 428-29 (2d Cir. 2002) (delay must either have been in bad faith or have been longer than reasonable amount of time to have diligently investigated crime; 4-month delay deemed reasonable); United States v. Saldana, 109 F.3d 100, 104 (1st Cir. 1997) (district court could consider departures

for delay that was extreme or implicitly sinister); <u>see</u> <u>also</u> <u>United States v. Meyer</u>, 906 F.2d 1247, 1251 (8th Cir. 1990) (per curiam) (to establish that government denied defendant due process by delaying indictment, defendant must demonstrate that government intentionally delayed either to gain tactical advantage or to harass defendant).

Accordingly, we affirm.

_____