**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50452 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-05143-LAB-1 |
| v. | |
| JESUS MEDINA-CASTRO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted May 16, 2014
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges, and TIGAR, District
Judge.**

    Jesus Medina-Castro appeals the sentence imposed following his guilty plea

to bulk cash smuggling, in violation of 31 U.S.C. § 5332(a).  We have jurisdiction

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The Honorable Jon S. Tigar, District Judge for the U.S. District Court
for the Northern District of California, sitting by designation.

pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We vacate Medina-Castro's sentence and remand for resentencing.

The district court's finding during sentencing that Medina-Castro knowingly smuggled 17.88 kilograms of methamphetamine was not "supported by a preponderance of the evidence—'a showing that the relevant fact is more likely true than not.'" *United States v. Highsmith*, 268 F.3d 1141, 1142 (9th Cir. 2001) (quoting *United States v. Collins*, 109 F.3d 1413, 1420 (9th Cir. 1997)). Thus, Medina-Castro's "sentence must be vacated [because] the district court demonstrably relie[d] upon false [and] unreliable information." *United States v. Safirstein*, 827 F.2d 1380, 1387 (9th Cir. 1987). Specifically, the district court relied on "[u]nreasonable inferences and material assumptions" to enhance Medina-Castro's penalty. *Id.*

The district court's assumption that Medina-Castro knew about the drugs, and did not mind transporting drugs, is unsupported by the record. First, the emails between Medina-Castro and Ricardo Manriquez indicate that Medina-Castro was only aware of the potential violation of currency reporting requirements at the border. Medina-Castro was also explicitly assured that no narcotics were involved.

2

Second, there is no indication that Medina-Castro's "bad feeling about the situation" sprung from his knowledge that he was transporting narcotics—rather, that "bad feeling" could have just as easily pertained to his reluctance to violate currency reporting requirements. Medina-Castro neither had any prior interaction with the criminal justice system, nor had he ever transported contraband. Although Medina-Castro possessed a valid border-crossing visa, evidence before the district court established that he had not entered the United States for approximately a year prior to his arrest. Thus, the district court's inference of knowledge from Medina-Castro's "bad feeling" was thus unreasonable because the statement "could support inferences of other activities, legal or illegal, as readily as they support an inference of trafficking in narcotics." *Id*. at 1386.

Third, in light of the unique facts presented in this case, the district court abused its discretion and committed procedural error in presuming awareness of the narcotics on the part of Medina-Castro based on mere possession. In sum, then, because the "trial court inferred that [Medina-Castro] was a participant in a crime with which he was not charged [and t]he inference directly resulted in the enhancement of [Medina-Castro's] penalty," the district court violated Medina-Castro's due process rights. *Id.* at 1385.

3

We remand this case for resentencing. "While we believe that on remand the district judge would be fair and impartial, this case presents an unusual circumstance wherein reassignment to a different judge is desirable" and would serve "[t]he appearance of justice." *United States v. Reyes*, 313 F.3d 1152, 1160 (9th Cir. 2002). Thus, upon remand, this case shall be reassigned by the Clerk of the Southern District of California to another district court judge.

**VACATED; REMANDED.**